GAMMON v. JOHNSON.
(ROYSTER, Intervener.)

(October 16, 1900.)

1. *Mortgages—Assignee—Rents and Profits.*

The assignee of a mortgagee, in possession, is chargeable with rents and profits.

2. *Mortgages—Burden of Proof.*

A mortgagee in possession is presumed to have entered as mortgagee.

3. *Usage—Evidence—Custom.*

Custom is inadmissible where there is direct evidence that it was not observed in the transaction in question.

CIVIL ACTION by G. R. Gammon against J. W. Johnson and wife Indiana Johnson, and W. H. Johnson, to foreclose a mortgage, in which F. S. Royster, administrator of O. C. Farrar, a judgment creditor, intervened, heard by

Judge *H. R. Starbuck* and a jury, at Spring Term, 1900, of EDGECOMBE Superior Court. From judgment for plaintiff, intervener appealed.

*J. R. Gaskill and John L. Bridgers,* for plaintiff.
*G. M. T. Fountain,* for intervener.

FURCHES, J. In 1887 the defendant, Johnson, borrowed $1,350 from Sherrod & Bro., for which he executed his note, and also a mortgage or deed in trust on the land described in the complaint, to secure the payment of said note. Only $450 had been paid on said note when the plaintiff, on the 5th day of April, 1899, became the purchaser and assignee of said note, and on the same day commenced this action for a foreclosure and sale of said land; and at Spring Term of said Court, no answer being filed, by consent of defendant the plaintiff recovered judgment for the sum of $2,-282.62, and also had a decree of foreclosure and order of sale. A commissioner was appointed, and the land sold on the 4th day of September, 1899, when the plaintiff became the purchaser at the price of $2,700. On the 19th of October, 1891, O. C. Farrar recovered a judgment against said Johnson for the sum of $2,183.92, which remains unpaid, and is a lien on said land, subject to the mortgage made to secure the Sherrod debt; that said Farrar is dead, and the intervener, F. S. Royster, is his administrator, and at October Term, and before said sale had been confirmed, by leave of Court became a party to said action, and filed his petition. In his said petition he alleges that after the plaintiff purchased and became assignee of the mortgage debt of Sherrod & Bro., and thereby became, in effect, the mortgagee, he took possession of said land, cut and sold timber therefrom, and worked a part thereof in cotton; and said intervener asks that the value of

said timber and the rental value of the crop of cotton be applied on the mortgage debt, and that he have the residue of the purchase paid for said land, after paying the mortgage debt, reduced by the value of the timber cut by plaintiff, and the rental value of the cotton.    On the trial it was admitted that the plaintiff cut timber on said land in April, 1899, which the jury find to be worth $34; and the plaintiff admitted that he cultivated a two-horse crop of cotton on said land in the year 1899, and it was agreed that the rental value of the cotton was $140.    But plaintiff says that the intervener has failed to show that he entered upon said land after the date of the assignment of the mortgage on the 5th of April, 1899, and in fact he alleges that the intervener introduced no evidence upon this point, while plaintiff says that the witness, Corbett, testified that the custom was to commence preparing for a crop early in the year, and that some persons commenced in the latter part of the old year.    But the same witness (Corbett) also testified that he (witness) rented some of this land from the plaintiff in March or April, 1899.    So it would seem that, if there was any such custom as testified to, he and the plaintiff did not observe this custom, and it seems that no such custom prevailed with the plaintiff; and this evidence should not, as it seems from the charge of the Court it did, influence him in the trial.

The Court charged the jury, in substance, that the value of the timber cut by the plaintiff should be credited on the mortgage debt.    He also charged the jury—correctly as we think, and as was admitted by counsel for plaintiff,—that the plaintiff, after the assignment of the mortgage, sustained the relation of mortgagee to the mortgagor, and the general rule was that the rents and profits in the hands of a mortgagee in possession should be applied to the mortgage debt.    And he further charged that the rule was that a mortgagee in posses-

sion of the mortgaged premises was presumed to have entered as mortgagee. The charge so far was correct. But he further charged that there was no evidence showing whether the plaintiff entered before or after he became the owner of the mortgage; that, if he entered before, he would not be liable for the rent cotton, and the burden was on the intervener to show that he entered after the purchase and assignment of the mortgage; and instructed the jury to answer this issue "No," that the plaintiff was not liable for the rent cotton. In this instruction there is error. The presumption being that the plaintiff entered as mortgagee, the burden was upon him to rebut the presumption, and to show that he did not so enter, if such were the fact; and it is singular that the Court, after it had stated the rule correctly, should have fallen into this error, for which a new trial must be granted.

Error. New trial.